Parker C. J.
delivered the opinion of the Court. The plea in bar which is brought before us on general demurrer, is of quite a new impression, and therefore is to be looked at cautiously. The substance of it is, that the defendant signed the note which is in suit, as a surety to Joseph Lovell, to secure the proper debt of Joseph ; that the payee of the note had sued Joseph alone, the note being joint and several, and had attached property, real and personal, much beyond the amount of the note; that afterwards, and while that action was pending, the payee negotiated the note to the piesent plaintiffs, for the purpose of relinquishing the attachment, and that the plaintiffs, with the same purpose, purchased the note, they knowing the views and purposes of the payee, and knowing also the fact that Joseph Lovell was wholly insolvent and unable to pay his just debts.
*162 It is not denied, and therefore must be taken to be admitted, that the plaintiffs gave a valuable consideration for the note, and that as between them and the payee they are bona jide indorsees. Taking these facts as true, do they form a bar to the action, and is a conspiracy to defraud or injure the defendant necessarily to be inferred ? We think such an inference cannot be made by us, whatever might be done by a jury. It is quite as reasonable an inference, that the whole transaction was honest and fair; for the payee might have preferred to receive his debt at once by a transfer of the note, to incurring the chances of a sale of the property attached, or a levy of execution upon the real estate, and therefore might lawfully relinquish his attachment. And the plaintiffs might have purchased the note to aid in this relinquishment, in order that the estate of Joseph Lovell might be relieved from incumbrances, so that all his creditors might avail themselves of it to satisfy their debts. It is not averred that this was fraudulently done, nor that the defendant was thereby prevented from obtaining security; nor that there were other succeeding attachments which swept off the property so that the surety could not, if he had paid the note, have made an attachment to save himself. If these facts all exist, they should have been pleaded. As the plea now stands, it is no bar. If upon the general issue the facts contained in the plea should be proved, together with such other facts as will justify a jury in finding a fraudulent conspiracy, the question, as to its legal effect upon the plaintiffs’ claim to recover on the note, will be better presented than under this plea.[1]

Special plea adjudged, bad.

 See Bellows v. Lovell, 5 Pick. 307